24-CV-01738 (LDH)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUIS AGOSTO,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
KEISHA MCCOY-DAILEY, Principal of P396K, The Sid-
Miller Academy, MICHELLE PATROVANI, former Assistant
Principal of P396K, The Sid-Miller Academy, SHANLA
KNIGHT,  P396K Payroll Secretary,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### MURIEL GOODE-TRUFANT

*Acting Corporation Counsel of the City of New York*

Attorney for Defendants

100 Church Street, Room 2-141

New York, New York 10007-2601

*Of Counsel*: Phoebe Huth
Tel.:  (212) 356-2434

Matter No.:  2024-062403

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... iii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ............................................................................................ 2

    A.  Plaintiff Did Not Enroll in the December 2022 Professional Development Course ......................................................... 2

    B.  Plaintiff Applied for the Supervising School Aide Position Despite Not Being Qualified ........................................ 3

    C.  Plaintiff's Allegations of Discrimination and Retaliation ................................................................................. 3

    D.  Plaintiff Filed an EEOC Complaint and a Complaint with the New York State Division of Human Rights ................................................................................ 4

    E.  Plaintiff Filed this Lawsuit on March 7, 2024 Without a Notice of Claim .................................................................. 5

LEGAL STANDARD ................................................................................................... 5

ARGUMENT

    POINT I

    PLAINTIFF FAILED TO FILE A TIMELY NOTICE OF CLAIM. ....................................................................... 6

    POINT II

    PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS UNDER TITLE VII, SHRL, AND CHRL MUST BE DISMISSED ................................... 9

    A.  Under Title VII, Individual Liability Does Not Exist, so the Title VII Claims Against Defendants Principal McCoy-Dailey, Dr. Patrovani, and Shanla Knight Must Be Dismissed .............................................................................. 9

**Page**

    B.  Under the SHRL and CHRL, Employees are not Liable as Individual Employers, thus All SHRL and CHRL Claims Against Defendants Principal McCoy-Dailey, Dr. Patrovani, and Shanla Knight Must Be Dismissed ...................................................... 9

POINT III

    THE COMPLAINT FAILS TO STATE A FAILURE TO PROMOTE CLAIM UNDER TITLE VII, THE SHRL, AND THE CHRL BECAUSE PLAINTIFF ADMITS HE IS NOT QUALIFIED FOR THE POSITION ......................................................... 11

POINT IV

    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF DISCRIMINATION UNDER TITLE VII, SHRL, AND CHRL .......................................................... 12

    A.  Plaintiff's Discrimination Claims Under Title VII, SHRL, and CHRL Fail for Failing to Demonstrate an Adverse Employment Action .................................. 12

    B.  Plaintiff's Claim of Discrimination Fails under Title VII, SHRL, and SHRL for Failing to Demonstrate Defendants Acted with Discriminatory Animus ........................................................ 17

POINT V

    THE COMPLAINT FAILS TO STATE A CLAIM OF RETALIATION UNDER TITLE VII, THE SHRL, AND THE CHRL .......................................................... 19

    A.  Plaintiff Fails to Articulate an Adverse Employment Action ...................................................... 20

    B.  Plaintiff Fails to Establish a Causal Connection Between the Protected Activity and the Alleged Adverse Employment Actions ........................................... 22

CONCLUSION ....................................................................................... 25

## **TABLE OF AUTHORITIES**

**Cases**                                                                                        **Pages**

Amorosi v. S. Colonie Indep. Cent. Sch. Dist.,
    9 N.Y.3d 367 (2007) ...........................................................................................................8

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)........................................................................................................5, 6

Baptiste v. New York City Transit Auth.,
    2004 U.S. Dist. LEXIS 5153
    (S.D.N.Y. Mar. 29, 2004) ...........................................................................................22, 24

Batiste v. City Univ. of New York,
    No. 16-CV-3358 (VEC), 2017 U.S. Dist. LEXIS 105575
    (S.D.N.Y. July 7, 2017) ...................................................................................................17

Bautista v. PR Grammercy Square Condo,
    642 F. Supp. 2d 411 (S.D.N.Y. 2022).............................................................................11

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................................................5, 6

Bernheim v. New York City Dep't of Educ.,
    No. 19 Civ. 9723 (VEC) (JLC), 2020 U.S. Dist. LEXIS 120400
    (S.D.N.Y. July 9, 2020) .....................................................................................................7

Bermudez v. City of New York,
    783 F. Supp. 2d 560 (S.D.N.Y. 2011).............................................................................13

Bernstein v. New York City Dep't of Educ.,
    No. 19-cv-11816 (LJL), 2020 U.S. Dist. LEXIS 209365
    (S.D.N.Y. Nov. 9, 2020) ..................................................................................................16

Bilitch v. New York City Health & Hosps. Corp.,
    194 A.D.3d 999, 148 N.Y.S.3d 238
    (2d Dep't 2021)................................................................................................................23

Blair v. L.I. Child & Family Dev. Servs.,
    2017 U.S. Dist. LEXIS 14177
    (E.D.N.Y. Jan. 21, 2017),
    adopted by, Blair v. L.I. Child & Family Dev. Servs.,
    2017 U.S. Dist. LEXIS 25573
    (E.D.N.Y. Feb. 21, 2017)...................................................................................................6

**Cases**                                                                                                        **Pages**

Blige v. City Univ. of New York,
    No. 15-CV-8873 (GBD) (KHP), 2017 U.S. Dist. LEXIS 8354
    (S.D.N.Y. Jan. 19, 2017)........................................................................................18

Bonaffini v. City Univ. of New York,
    No. 20-cv-5118 (BMC), 2021 U.S. Dist. LEXIS 128398
    (E.D.N.Y. July 9, 2021) .........................................................................................9

Bryan v. Center,
    2022 U.S. Dist. LEXIS 89834
    (S.D.N.Y. May 18, 2022).................................................................................11, 19

Buon v. Spindler,
    2021 U.S. Dist. LEXIS 51087
    (S.D.N.Y. Mar. 18, 2021) ...............................................................................14, 21

Caputo v. Copiague Union Free Sch. Dist.,
    218 F. Supp. 3d 186 (E.D.N.Y. 2016) ...................................................................10

Chung v. City Univ. of New York,
    No. 12 Civ 4045 (GBD)(RLE), 2014 U.S. Dist. LEXIS 124601
    (2d Cir. Aug. 27, 2014).............................................................................. 15-16, 21

Clarke-St. John v. City of New York,
    164 A.D.3d 743 (2d Dep't 2018) ...........................................................................7

DeWitt v. Lieberman,
    48 F. Supp. 2d 280 (S.D.N.Y. 1999)......................................................................10

Doe v. Bloomberg L.P.,
    36 N.Y.3d 457 (2021) .......................................................................................9, 10

Duplan v. City of New York,
    888 F.3d 625 (2d Cir. 2018).................................................................................20

Erickson v. Pardus,
    551 U.S. 89 (2007).................................................................................................6

Fairbrother v. Morrison,
    412 F.3d 39 (2d Cir. 2005),
    *abrogated on other grounds by,*
    Burlington N. & Santa Fe Ry. Co. v. White,
    548 U.S. 53 (2006)...............................................................................................16

Feingold v. New York,
    366 F.3d 138 (2d Cir. 2004)..................................................................................9

**Cases**                                                                **Pages**

Felder v. Madison Square Garden,
    2018 U.S. Dist. LEXIS 15098
    (S.D.N.Y. Jan. 29, 2018)..............................................................................15, 16, 21

Freud v. New York City Dep't of Educ.,
    2022 U.S. Dist. LEXIS 54353
    (S.D.N.Y. Mar. 25, 2022) ...........................................................................13

Galabya v. New York City Bd. of Educ.,
    202 F.3d 636 (2d Cir. 2000)...........................................................13, 15, 21

Garrido v. New York City Dep't of Educ.,
    No. 16 Civ. 9464 (DAB), 2018 U.S. Dist. LEXIS 43703
    (S.D.N.Y. Mar. 15, 2018) ...........................................................................8

Gordon v. New York City Bd. of Educ.,
    232 F.3d 111 (2d Cir. 2000)...........................................................22

Guerra v. Jones,
    421 F. App'x 15 (2d Cir. 2011) ...........................................................9

Hollander v. Am. Cyanamid Co.,
    895 F.2d 80 (2d Cir. 1990)...........................................................23

Jadallah v. New York City Dep't of Educ.,
    No. 21 Civ. 6390 (DG), 2024 U.S. Dist. LEXIS 58410
    (E.D.N.Y. Mar. 28, 2024) ...........................................................7

Jeshurin v. Liberty Lines Trans., Inc.,
    191 A.D.2d 412 (2d Dep't 1993) ...........................................................7

Johnson v. Morrison & Foerster LLP,
    No. 14 CV 428 (JMF), 2015 U.S. Dist. LEXIS 24008
    (S.D.N.Y. Feb. 26, 2015),
    *aff'd sub nom.*, Brown v. Paulson,
    236 F. App'x 654 (2d Cir. 2007) ...........................................................15

Kleinman v. Elan Corp.,
    706 F.3d 145 (2d Cir. 2013)...........................................................2

Krzesaji v. Henry,
    No. 16 Civ. 2926 (ER), 2017 U.S. Dist. LEXIS 37543
    (S.D.N.Y. Mar. 15, 2017) ...........................................................9

Leibowitz v. Cornell Univ.,
    584 F.3d 487 (2d Cir. 2009)...........................................................17, 24

**Cases**                                                                                                      **Pages**

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)..........................................................................................17, 18, 24

Mabry v. Neighborhood Defender Serv.,
    769 F. Supp. 2d 381 (S.D.N.Y. 2011)...........................................................13, 15, 16, 21, 22

Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.,
    483 F. App'x 660 (2d Cir. 2012) ..............................................................................................13

McDonnell Douglas Corp. v. Green,
    411 U.S. 793 (1973)..................................................................................................................12

Mehta v. City of New York,
    No. 1:19-cv-03857-NG-VMS, 2022 U.S. Dist. LEXIS 17280
    (E.D.N.Y. Jan. 31, 2022) ..........................................................................................................20

Melman v. Montefiore Med. Ctr.,
    98 A.D.3d 107 (1st Dep't 2012) ...............................................................................................12

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013).............................................................................................13, 17

Moore v. City of New York,
    No. 15-CV-6600 (GBD) (JLC), 2017 U.S. Dist. LEXIS 379
    (S.D.N.Y. Jan. 3, 2017)..............................................................................................................17

Mosier v. State Univ. of New York,
    No. 18-cv-6539 (SJF) (AKT), 2020 U.S. Dist. LEXIS 176401
    (E.D.N.Y. Sept. 24, 2020)..........................................................................................................11

Nambiar v. Cent. Orthopedic Grp., LLP,
    No. 19-CV-938 (JS) (ARL), 2024 U.S. Dist. LEXIS 18195
    (E.D.N.Y. Feb. 1, 2024),
    adopted by, Nambiar v. Cent. Orthopedic Grp., LLP,
    2024 U.S. Dist. LEXIS 53841
    (E.D.N.Y. Mar. 26, 2024) ..........................................................................................................10

Nnebe v. City of New York,
    2023 U.S. Dist. LEXIS 16480
    (S.D.N.Y. Jan. 30, 2023)......................................................................................................19, 20

Ogunmokun v. Am. Educ. Servs.,
    No. 12-CV-4403, 2014 U.S. Dist. LEXIS 134098
    (E.D.N.Y. Sept. 23, 2014)............................................................................................................6

**Cases**                                                                                                    **Pages**

Parochial Bus. Sys. v. Bd. of Educ.,
    60 N.Y.2d 539 (1983) ........................................................................................7

Plaza v. New York Health & Hosps. Corp. (Jacobi Med. Ctr.),
    97 A.D.3d 466 (1st Dep't 2012) ......................................................................7

Ruiz v. County of Rockland,
    609 F.3d 486 (2d Cir. 2010) ..........................................................................12

Santiago v. Newburgh Enlarged City Sch. Dist.,
    434 F. Supp. 2d 193 (S.D.N.Y. 2006) ............................................................7

Scé v. City of New York,
    2022 U.S. App. LEXIS 5352
    (2d Cir. Mar. 1, 2022) ...................................................................................12

Seifullah v. City of New York,
    161 A.D.3d 1206 (2d Dep't 2018) ..................................................................7

Shaughnessy v. Scotiabank,
    No. 22 CV 10870 (LAP), 2024 U.S. Dist. LEXIS 57840
    (S.D.N.Y. Mar. 29, 2024) ......................................................................... 9-10

Singer v. New York City Health & Hosps. Corp.,
    No. 18-cv-6356 (BMC), 2020 U.S. Dist. LEXIS 96752
    (E.D.N.Y. June 2, 2020) ................................................................................19

Soloviev v. Goldstein,
    104 F. Supp. 3d 232 (E.D.N.Y. 2015) ..........................................................10

Sommersett v. City of New York,
    679 F. Supp. 2d 468 (S.D.N.Y. 2010).................................................... 17-18

Syeed v. Bloomberg L.P.,
    568 F. Supp. 3d 314 (S.D.N.Y. 2021)...........................................................11

Syeed v. Bloomberg L.P.,
    No. 20-cv-7464 (GHW), 2022 U.S. Dist. LEXIS 147563
    (S.D.N.Y. Aug. 17, 2022) .......................................................................22, 23

Tannenbaum v. City of New York,
    30 A.D.3d 357 (1st Dep't 2006) .....................................................................7

Tate v. Rocketball, Ltd.,
    45 F. Supp. 3d 268 (E.D.N.Y. 2014) ............................................................11

**Cases**                                                                                     **Pages**

Tousst v. City of New York,
    2020 U.S. Dist. LEXIS 125968
    (S.D.N.Y. June 29, 2020)................................................................................11, 17, 18

Vega v. Dep't of Educ.,
    No. 18-CV-6221 (ER), 2020 U.S. Dist. LEXIS 55848
    (S.D.N.Y. Mar. 30, 2020) ............................................................................14, 21, 22

Weisel v. City of New York,
    897 N.Y.S.2d 673
    (Sup. Ct. Kings Cnty. 2009)......................................................................................8

Weixel v. Bd. of Educ. of the City of New York,
    287 F.3d 138 (2d Cir. 2002)......................................................................................6

Zuckerman v. GW Acquisition LLC,
    No. 20 Civ. 8742 (VEC), 2021 U.S. Dist. LEXIS 178873,
    2021 WL 4267815 (S.D.N.Y. Sept. 20, 2021)........................................................20

**Statutes**

42 U.S.C. § 2000e, *et seq.*..............................................................................................1

Fed. R. Civ. P. 12(b)(1)..................................................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 5

N.Y.C. Admin. Code § 8-107 .......................................................................................1

N.Y. Educ. Law § 3813 ................................................................................................8

N.Y. Educ. Law § 3813(1)..........................................................................................1, 7

N.Y. Educ. Law § 3813(2-b) ........................................................................................8

N.Y. Exec. Law § 296..................................................................................................1

N.Y. Exec. Law § 296(6)............................................................................................10

## PRELIMINARY STATEMENT

Pro se plaintiff, Luis Agosto, a school aide for the New York City Department of Education ("DOE") claims that DOE, Keisha McCoy-Dailey, Michelle Patrovani, and Shanla Knight (collectively "Defendants"), discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* the New York State Executive Law ("SHRL"), N.Y. Exec. Law § 296, and the New York City Administrative Code ("CHRL"), N.Y.C. Admin. Code § 8-107.   Plaintiff alleges that Defendants intentionally denied him professional development opportunities necessary for promotion; failed to promote him; provided unequal terms and conditions of employment; and retaliated against him.

Defendants respectfully submit this Memorandum of Law in support of its motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). First, Plaintiff failed to file a notice of claim, as required by New York Education Law § 3813(1). Second, under Title VII, SHRL, and CHRL, there is no individual liability; thus, the claims against individually named defendants, Principal Keisha McCoy-Dailey, Dr. Michelle Patrovani, and Shanla Knight, must be dismissed. Third, Plaintiff fails to state a claim for failure to promote because Plaintiff fails to allege facts that support an inference of discrimination. Fourth, Plaintiff fails to state a claim of discrimination based on race, national origin, or gender because he failed to plead an adverse employment action or demonstrate a discriminatory animus. Fifth, Plaintiff fails to state a claim of retaliation because he failed to demonstrate an adverse employment action or show causation between the alleged protected activities and the alleged adverse employment actions. For these reasons and as described below, the Court must dismiss the Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6).

## STATEMENT OF FACTS[1]

Plaintiff has been a school aide at Sid Miller Academy since February 1999. See Complaint, ¶ 3. As a school aide, Plaintiff's duties included assisting with school bus services ("busing"), making copies, monitoring hallways and bathrooms, providing administrative support, and answering phones.

### A.    Plaintiff Did Not Enroll in the December 2022 Professional Development Course

On November 22, 2022, the payroll secretary, Shanla Knight, circulated an email to school aides at Sid Miller Academy containing information for a professional development (PD) course offered to school aides interested in becoming a Supervising School Aide. See Compl., ¶ 7.   The deadline for the administration to register interested participants was November 30, 2022. See Compl, ¶ 13. On November 23, 2022, Plaintiff e-mailed Ms. Knight to express his interest in being registered for the PD. In a response e-mail, Ms. Knight instructed Plaintiff to come see her on Monday (November 28, 2022) in order to obtain certain information needed for registration. See Compl., ¶ 11. Plaintiff alleges he met with Ms. Knight on November 28, 2022, but she told Plaintiff she was waiting to speak with Principal Keisha McCoy-Dailey first because she believed Principal McCoy-Dailey already selected a school aide to attend the PD. See Compl., ¶ 12.

Plaintiff alleges he spoke with Ms. Knight again on December 2, 2022, asking about registering for the PD; however Ms. Knight informed Plaintiff that registration for the PD closed on November 30, 2022. See Compl. ¶ 13. Plaintiff alleges school aide Wenda Stewart was

---

[1] For purposes of this motion only, Defendants take the Complaint's allegations as true.  Additionally, the Court may rely upon documents attached to the Complaint, referenced by the Complaint or reflecting matters of which judicial notice may be taken.  See Kleinman v. Elan Corp., 706 F.3d 145, 152 (2d Cir. 2013).  Attached to Plaintiff's Complaint was the U.S. Equal Employment Opportunity Commission ("EEOC")'s Notice of Right to Sue letter, which is annexed, among other exhibits, to the Declaration of Assistant Corporation Counsel Phoebe Huth ("Huth Decl."), dated September 24, 2024 as Exhibit "1".

selected for the PD course. See Compl., ¶ 6. Plaintiff was, however, enrolled in a subsequent PD in March 2023, which he completed.  See Compl., ¶ 23.

## B.     Plaintiff Applied for the Supervising School Aide Position Despite Not Being Qualified

Due to the retirement of the school's former Supervising School Aide, the administration posted a vacancy on or about December 13, 2022 to fill the school's Supervising School Aide position. See Posting for Supervising School Aide, annexed to the Huth Decl. as Exhibit "2". The job posting listed the selection criteria for the position which included completion of the PD. Id. Seniority was not one of the selection criteria. See id.

On January 12, 2023, Plaintiff interviewed for the Supervising School Aide position with Principal Dailey-McCoy, Pupil Accountant Secretary Marcus Morales, and Assistant Principal Junie Louis-Jean. See Compl. ¶ 19. On January 17, 2023, it was announced that Ms. Stewart was selected for the Supervising School Aide position. Id., ¶ 20. Plaintiff alleges that Principal Dailey-McCoy told Mr. Morales and Assistant Principal Louis-Jean that Plaintiff did not qualify for the Supervising School Aide position because he "did not complete the professional development course." Id., ¶ 22.

## C.     Plaintiff's Allegations of Discrimination and Retaliation

Plaintiff alleges he experienced further acts of discrimination. Following Ms. Stewart's appointment to Supervising School Aide, Plaintiff alleges he was given less preferable assignments, which changed from assisting with morning busing, cafeteria monitoring, and occasional bathroom/hallway monitoring, to "almost exclusively bathroom/hallway monitoring." Id., ¶ 25.

He also alleges he "began to receive critical disciplinary emails." Id., ¶ 26. On March 7, 2023, Plaintiff claims he was approached by Assistant Principal ("AP") Dr. Michelle

Patrovani who informed Plaintiff he was a minute late to his busing duties. Id. AP Patrovani allegedly followed up with an email "alluding to dereliction of [his] professional responsibilities." Id. Plaintiff also alleges that on March 17, 2023, AP Louis-Jean told Plaintiff to stop speaking to a paraprofessional while he was monitoring the hallways. Id. ¶ 27. On March 21, 2023, Plaintiff allegedly received an email from AP Louis-Jean again "alluding to dereliction of [his] professional responsibility, this time referring to monitoring the hallways." Id., ¶ 28.

**D.     Plaintiff Filed an EEOC Complaint and a Complaint with the New York State Division of Human Rights**

Plaintiff filed a complaint with the EEOC on July 5, 2023. See Compl., ¶ 31. Plaintiff also filed a complaint with the New York State Division of Human Rights ("SDHR") on August 31, 2023. See Compl., ¶ 32.  The U.S. Department of Justice Civil Rights Division sent Plaintiff a "Notice of Right to Sue" letter dated December 8, 2023, informing him that "the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission…" and that Plaintiff may file a civil action "in the appropriate Court within 90 days of [his] receipt of this Notice." See Notice of Right to Sue, annexed to the Huth Decl. as Exhibit "1". Plaintiff then received the Determination and Order of Dismissal for Administrative Convenience from the SDHR on February 6, 2024, stating the "Division finds that noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed on the grounds of administrative convenience for the following reason(s): Complaint intends to pursue federal remedies in court…" See SDHR Determination and Order, annexed to the Huth Decl. as Exhibit "3".

Plaintiff alleges that after he filed his EEOC and SDHR complaints, he "experienced a number of retaliatory actions." See Compl., ¶ 33. Plaintiff alleges he was given different assignments, which changed from "busing, monitoring the cafeteria during breakfast

and lunch, and occasionally monitoring the bathrooms/hallways" "strictly to hallway/bathroom monitoring duty." <u>See</u> Compl., ¶¶ 33-35. He also alleges Principal McCoy-Dailey told a colleague not to ask for Plaintiff's assistance. <u>Id.</u>, ¶ 36. Lastly, on November 1, 2023, Plaintiff alleges Principal McCoy-Dailey approached Plaintiff and "asked [him] to put away the raisins [he] was eating." <u>Id.</u>, ¶ 38. Principal McCoy-Dailey then followed up on this request in an email, also requesting Plaintiff refrain from leaning back in his chair in the hallway. <u>Id.</u>

**E.    Plaintiff Filed this Lawsuit on March 7, 2024 Without a Notice of Claim**

Plaintiff filed this complaint on March 7, 2024. <u>See</u> <u>generally</u>, Compl. Plaintiff alleges that Defendants intentionally denied him professional development opportunities necessary for promotion; failed to promote him; provided unequal terms and conditions of employment; and retaliated against him. <u>Id.</u>

<u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts adequate "to state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In <u>Iqbal</u>, the Supreme Court explained the plausibility standard by stating that where a complaint pleads facts that are merely consistent with a defendant's liability "without some further factual enhancement[,] it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> at 697 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 557). A complaint fails to state a claim "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." <u>Iqbal</u>, 556 U.S. at 679. "Unless a plaintiff's well-pleaded allegations of fact have 'nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed.'" In applying this standard, the Court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "threadbare recitals of the

5

elements for a cause of action." Id. at 662 (citing Twombly, 550 U.S. at 555). Although the Court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

It is well-established that pleadings by pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Second Circuit has held that a court reviewing a pro se complaint must "construe the complaint broadly and interpret it to raise the strongest arguments that it suggests." Weixel v. Bd. of Educ. of the City of New York, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted). Importantly however, the Court "need not argue a pro se litigant's case nor create a case for the pro se which does not exist." Ogunmokun v. Am. Educ. Servs., No. 12-CV-4403, 2014 U.S. Dist. LEXIS 134098 (E.D.N.Y. Sept. 23, 2014); see Blair v. L.I. Child & Family Dev. Servs., 2017 U.S. Dist. LEXIS 14177 (E.D.N.Y. Jan. 21, 2017) adopted by Blair v. L.I. Child & Family Dev. Servs., 2017 U.S. Dist. LEXIS 25573 (E.D.N.Y. Feb. 21, 2017).

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO FILE A TIMELY NOTICE OF CLAIM.

All SHRL and CHRL claims against DOE must be dismissed because Plaintiff does not allege that he filed a timely notice of claim. Under the New York Education Law:

> No ... claim against the district ... shall be prosecuted or maintained against any ... board of education ... unless it shall appear by and as an allegation in the complaint ... that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.

N.Y. Educ. Law § 3813(1). "The notice of claim requirement applies to claims of discrimination against school districts under the NYCHRL and NYSHRL." Jadallah v. N.Y.C. Dep't of Educ., No. 21 Civ. 6390 (DG) (VMS), 2024 U.S. Dist. LEXIS 58410, at *31 (E.D.N.Y. Mar. 28, 2024) (quoting Bernheim v. N.Y. City Dep't of Educ., No. 19 Civ. 9723 (VEC) (JLC), 2020 U.S. Dist. LEXIS 120400, at *4 (S.D.N.Y. July 9, 2020)); see Seifullah v City of New York, 161 A.D.3d 1206, 1206 (2d Dep't 2018) (citing N.Y. Educ. L. § 3813(1)) (other citations omitted) (holding that where a complaint seeks "the recovery of damages, the filing of a notice of claim within three months after [claims arise is] a condition precedent to the maintenance of [an] action against" DOE; Clarke-St. John v. City of New York, 164 A.D.3d 743, 744 (2d Dep't 2018) ("The timely filing of a notice of claim upon the DOE defendants within 90 days of the accrual date of the causes of action was a prerequisite condition to commencing this plenary action against [DOE]."). Additionally, "[New York] Education Law requires that it appear from the face of the complaint that the plaintiff filed a timely notice of claim." See Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006); N.Y. Educ. Law § 3813(1). Plaintiff does not allege that he filed a timely notice of claim. See generally Compl.

Courts may not disregard a plaintiff's failure to plead and prove that he has filed a timely notice of claim, even to avoid a harsh result. See Parochial Bus. Sys. v. Bd. of Educ., 60 N.Y.2d 539, 548 (1983); Jeshurin v. Liberty Lines Trans., Inc., 191 A.D.2d 412, 414 (2d Dep't 1993). The failure to satisfy a notice of claim requirement requires dismissal of the cause of action with prejudice. See Tannenbaum v. City of N.Y., 30 A.D.3d 357 (1st Dep't 2006). "Moreover, the failure to seek a court order excusing such lateness within one year and 90 days after accrual of the claim requires dismissal of the action." Plaza v. N.Y. Health & Hosps. Corp. (Jacobi Med. Ctr.), 97 A.D.3d 466, 466 (1st Dep't 2012).

The Complaint does not plead that a notice of claim was filed. See generally, Compl. In the Complaint, Plaintiff asserts that the last alleged act of discriminatory treatment occurred on November 1, 2023. See Complaint ¶ 38. Therefore, his time to file a notice of claim expired on January 30, 2024. Given his failure to plead that he filed a notice of claim, much less a timely one, Plaintiff's SHRL and CHRL claims are barred by his failure to satisfy a statutory precondition precedent to this lawsuit. See Garrido v. N.Y.C. Dep't of Educ., No. 16 Civ. 9464 (DAB), 2018 U.S. Dist. LEXIS 43703, *17–18 (S.D.N.Y. Mar. 15, 2018) ("The filing of a notice of claim within three months after the accrual of a claim is an absolute condition precedent to the filing of a lawsuit. This requirement applies to employment discrimination claims against school districts and their officers under the NYSHRL and NYCHRL."); Weisel v. City of New York, 897 N.Y.S.2d 673, 673 (Sup. Ct., Kings Cty., 2009).

Further, New York Education Law § 3813 has a one-year statute of limitation for claims against the DOE. See N.Y. Educ. Law § 3813(2-b); see also Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007). Plaintiff initiated this proceeding on March 7, 2024. Even if Plaintiff filed a timely notice of claim, many of the alleged acts of discrimination and retaliation under SHRL and CHRL would be outside of the one-year statute of limitation. Therefore, to the extent that Plaintiff's SHRL and CHRL claims are relying on claims that accrued prior to March 7, 2023, those claims must be dismissed as untimely.

## POINT II

## PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS UNDER TITLE VII, SHRL, AND CHRL MUST BE DISMISSED

**A.   Under Title VII, Individual Liability Does Not Exist, so the Title VII Claims Against Defendants Principal McCoy-Dailey, Dr. Patrovani, and Shanla Knight Must Be Dismissed**

There is no individual liability under Title VII, even for those with supervisory responsibility. See Guerra v. Jones, 421 Fed. Appx. 15, 17 (2d Cir. 2011) (Title VII does not subject "individuals, even those with supervisory liability over the plaintiff, to personal liability."); Krzesaji v. Henry, No. 16 Civ. 2926 (ER), 2017 U.S. Dist. LEXIS 37543, at *42 (S.D.N.Y. Mar. 15, 2017). Thus, Plaintiff's Title VII claims against Principal McCoy-Dailey, Dr. Patrovani, and Shanla Knight must be dismissed.

**B.   Under the SHRL and CHRL, Employees are not Liable as Individual Employers, thus All SHRL and CHRL Claims Against Defendants Principal McCoy-Dailey, Dr. Patrovani, and Shanla Knight Must Be Dismissed**

To the extent the SHRL and CHRL claims are not dismissed for failure to timely file a notice of claim, these claims against individual defendants should be dismissed because, under the SHRL and CHRL, employees are not liable as individual employers. See Bonaffini v. City Univ. of N.Y., No. 20-cv-5118 (BMC), 2021 U.S. Dist. LEXIS 128398, at *5 (E.D.N.Y. July 9, 2021). Additionally, "[t]he [CHRL] contains 'virtually identical' language, so the 'same standards of analysis' are 'used to evaluate aiding and abetting claims.'" Id. (quoting Feingold v. New York, 366 F.3d 138, 158 (2d Cir. 2004)). Although federal courts "long understood the [SHRL] to allow individual liability if the individual qualifie[d] as an 'employer,'" the New York Court of Appeals "clarified [in 2021] that the [SHRL] 'does not render employees liable as individual employers.'" Id. (quoting Doe, 36 N.Y.3d at 457); see Shaughnessy v. Scotiabank,

No. 22 CV 10870 (LAP), 2024 U.S. Dist. LEXIS 57840, at *27 (S.D.N.Y. Mar. 29, 2024) (citing Doe, 36 N.Y.3d 450)) (holding that "[a] corporate employee can never qualify as an 'employer' under the [SHRL]" and dismissing SHRL claims against individual defendants). Thus, Defendants Principal McCoy-Dailey, Dr. Patrovani, and Shanla Knight cannot be held principally liable for alleged acts of discrimination or retaliation under the SHRL and CHRL.

Although the SHRL provides that individuals may face liability for aiding and abetting discrimination and retaliation, see N.Y. Exec. Law § 296(6), to the extent that Plaintiff's SHRL and CHRL claims against Principal McCoy-Dailey, Dr. Patrovani and Shanla Knight are under a theory of aiding and abetting, those claims must be dismissed. The SHRL provides that it is unlawful "[f]or any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6). To state a claim for aiding and abetting liability, "liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor." Soloviev v. Goldstein, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015) (quoting DeWitt v. Lieberman, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999)).

A court must dismiss aiding and abetting claims where the court dismisses underlying claims against the principal. See Caputo v. Copiague Union Free Sch. Dist., 218 F. Supp. 3d 186, 192 (E.D.N.Y. 2016) ("[A]s the discrimination and retaliation claims under the [SHRL] against the District fail, so too must any aider and abettor claims against [the individual defendant]."); Nambiar v. Cent. Orthopedic Grp., LLP., No. 19-CV-938 (JS) (ARL), 2024 U.S. Dist. LEXIS 18195, at *56 (E.D.N.Y. Feb. 1, 2024) (citations omitted), adopted by 2024 U.S. Dist. LEXIS 53841 (E.D.N.Y. Mar. 26, 2024) ("Given the Court's determination with respect to the discrimination and retaliation claims, the undersigned respectfully recommends that aiding

and abetting claims be dismissed); Tate v. Rocketball, Ltd., 45 F. Supp. 3d 268, 273 (E.D.N.Y. 2014) (citation omitted) (holding that dismissal of the aiding and abetting violations of SHRL is appropriate where the principal cause of action was dismissed on the merits). Further, a defendant cannot aid and abet her own conduct. See Bautista v. PR Grammercy Square Condo, 642 F. Supp. 2d 411, 429 (S.D.N.Y. 2022) (dismissing aiding and abetting SHRL claims against an individual defendant because he "cannot aid and abet his own conduct"); see Mosier v. State Univ. of N.Y., No. 18-0-cv-6539 (SJF) (AKT), 2020 U.S. Dist. LEXIS 176401, at *4 (E.D.N.Y. Sept. 24, 2020) (dismissing SHRL claims against an individual defendant because he "cannot aid and abet his own conduct").

## POINT III

### THE COMPLAINT FAILS TO STATE A FAILURE TO PROMOTE CLAIM UNDER TITLE VII, THE SHRL, AND THE CHRL BECAUSE PLAINTIFF ADMITS HE IS NOT QUALIFIED FOR THE POSITION

Failure to promote claims under Title VII requires a plaintiff to "show "that [he] applied for an available position for which [he] was qualified, but was rejected under circumstances which give rise to an inference of discrimination."" Tousst v. City of N.Y., 2020 U.S. Dist. LEXIS 125968, at *11-12 (S.D.N.Y. June 29, 2020) (internal citations omitted); see also Bryan v. Center, 2022 U.S. Dist. LEXIS 89834, at *24 (S.D.N.Y. May 18, 2022) (applying the same failure to promote standard under Title VII to the ADA). The SHRL and the CHRL "is subject to more liberal pleading standards than Title VII" but Courts have used the Title VII test as guidance for an analysis." See Syeed v. Bloomberg L.P., 568 F. Supp. 3d 314, 340 (S.D.N.Y. 2021).

Here, Plaintiff admits that he was not qualified for the Supervising School Aide position at the time of hiring. See Compl, ¶ 22. This alone is enough to dismiss Plaintiff's failure to

promote claims. See Scé v. City of N.Y., 2022 U.S. App. LEXIS 5352, at *4 (2d Cir. Mar. 1, 2022). In fact, the Complaint does not even allege that Plaintiff applied for a promotional opportunity for which he was qualified. These and the other (conclusory) allegations concerning alleged discrimination certainly are not sufficient to plead an inference of discrimination. See Compl. ¶¶ 24, 29-30 (stating, for example, "Even after I was not appointed to Supervising School Aide, I have continued to endure discrimination.") Consequently, no inference can be drawn that any act of discrimination took place with regard to a failure to promote and his failure to promote claims under Title VII, the SHRL, and the CHRL must be dismissed.

**POINT IV**

**PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF DISCRIMINATION UNDER TITLE VII, SHRL, AND CHRL**

Claims of disparate treatment under Title VII, SHRL, and CHRL are analyzed using the McDonnell Douglas burden shifting analysis. See McDonnell Douglas, 411 U.S. at 793; Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010). To establish a *prima facie* case of discrimination under this framework, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Ruiz, 609 F.3d at 491-92; Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 112-13 (1st Dep't 2012) (applying McDonnell Douglas to discrimination claims under CHRL).

**A.    Plaintiff's Discrimination Claims Under Title VII, SHRL, and CHRL Fail for Failing to Demonstrate an Adverse Employment Action**

Under Title VII and SHRL, "[a] plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment."

12

Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., 483 F. App'x 660, 662 (2d Cir. 2012) (citing Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)); Bermudez v. City of New York, 783 F. Supp. 2d 560, 577 (S.D.N.Y. 2011). For an employment action to be materially adverse, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Malcolm, 483 F. App'x 660 at 662. It may include "a termination of employment, a demotion evidenced by a decrease in pay or salary, a less distinguished title, [or] a material loss of benefits." Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 392 (S.D.N.Y. 2011). Under CHRL, a plaintiff must only show that his employer treated him less well due to a discriminatory reason. See Freud v. N.Y.C. Dep't of Educ., 2022 U.S. Dist. LEXIS 54353, at *28 (S.D.N.Y. Mar. 25, 2022) (citing Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 114 (2d Cir. 2013)).

None of the allegations in the Complaint rise to the level of an adverse employment action as a matter of law. Plaintiff asserts the following employment actions were taken against him: (1) he believes he was intentionally denied attendance of a professional development course; (2) he was not promoted to Supervising School Aide; (3) he feels he has been given less preferable assignments, such a bathroom/hall monitoring duty; (4) Dr. Patrovani sent him an e-mail stating he was late to his busing duties; (5) he was told to stop speaking with a fellow paraprofessional by AP Louis-Jean and received an email about it; (6) Principal McCoy-Dailey told Supervising School Aide Stewart to not ask Plaintiff for assistance; and (7) Principal McCoy-Dailey sent him an email instructing him to not sit inappropriately in his chair and not eat raisins. See Compl. ¶¶ 7-17; 20-22; 25; 26; 27; 36; 38-39.

First, Plaintiff was not denied attendance of the professional development course. Plaintiff actually enrolled and attended the course in March 2023. See Compl., ¶ 23. Even if

Plaintiff was not able to attend a professional development course, Defendants not enrolling him in a professional development course is not an adverse employment action because it did not result in a material change to Plaintiff's employment. Not being enrolled in this supervisory school aide course did not result in a demotion, termination, or a decrease in pay. Ultimately, Plaintiff was able to enroll in the PD course in March 2023 and ultimately complete it without any alleged interference from the Defendants. See Compl., ¶ 23.

Second, as discussed infra Part III, Plaintiff is unable to demonstrate a prima facie case for a failure to promote claim. At the time the Supervising School Aide position was being filled, Plaintiff did not qualify for the position. Plaintiff had not taken the Supervising School Aide professional development course when the position was filled in January 2023 and he did not enroll in the course until March 2023. See Compl., ¶¶ 21, 23. The Supervising School Aide professional development course was a requirement to be a Supervising School Aide. See Supervising School Aide Posting, dated December 13, 2022, annexed to the Huth Decl. as Exhibit "2". Because Plaintiff was not qualified for the Supervising School Aide position, him not being promoted is not an adverse employment action. Additionally, Plaintiff's allegation that he was not promoted to the Supervising School Aide position is not an adverse action under Title VII or SHRL because his lack of promotion did not result in a decrease in pay or any material loss of benefits.  See Buon v. Spindler, 2021 U.S. Dist. LEXIS 51087, *16 (internal citation omitted); Vega v. Dep't of Educ., No. 18-CV-6221 (ER), 2020 U.S. Dist. LEXIS 55848, *24 (S.D.N.Y. Mar. 30, 2020).  Plaintiff's Complaint is devoid of any facts indicating that not being selected for the Supervising School Aide position resulted in any decrease in wage or salary. Therefore, this would not be an adverse action as a matter of law under Title VII or SHRL.

Next, being given less preferable assignments and receiving disciplinary emails are not adverse employment actions as a matter of law. For a change in work assignment to be actionable, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Felder v. Madison Square Garden, 2018 U.S. Dist. LEXIS 15098, *18 (S.D.N.Y. 2018) (internal citations omitted). A change in duties is not an adverse employment action unless there is a material alteration of plaintiff's responsibilities or some other indicia that the terms and conditions of his employment have changed. See Galabya, 202 F.3d at 640. Here, Plaintiff has failed to allege that the change in his duties resulted in a significant alteration of his salary or benefits or any other indicia showing that Plaintiff suffered a material change in the terms and conditions of his employment. Plaintiff asserts that he was previously assigned to multiple tasks, like busing, monitoring the cafeteria, and occasionally monitoring the bathrooms/hallways, but after he was not appointed to Supervising School Aide and filed complaints with the EEOC and SDHR, Plaintiff claims he was only assigned to monitoring bathrooms/hallways. See Compl., ¶¶ 24, 33.   However, Plaintiff's dissatisfaction with his assignments are not adverse employment actions. See Johnson v. Morrison & Foerster LLP, No. 14 CV 428 (JMF), 2015 U.S. Dist. LEXIS 24008, *12 (S.D.N.Y. 2015) ([s]ubjective dissatisfaction with assignments does not constitute adverse employment action) (internal quotation marks and citations omitted), aff'd sub nom. Brown v. Paulson, 236 F. App'x 654 (2d Cir. 2007)); Mabry, 799 F.Supp.2d at 393-394. Therefore, Plaintiff's claims based on his class reassignments fail.

Plaintiff's allegation that he received negative feedback is also not an adverse employment action because Plaintiff has not alleged any material change in the terms or conditions of his employment connected to that feedback. See Chung v. City Univ. of N.Y., No.

15

12 Civ 4045 (GBD)(RLE), 2014 U.S. Dist. LEXIS 124601, *4 (2d Cir. 2014) (Noting that a negative performance evaluation, by itself, is insufficient to constitute an adverse employment action); Mabry, 769 F.Supp.2d at 393 ("Negative evaluations or reviews, without accompanying tangible harm or consequences, do not constitute materially adverse action altering the conditions of employment."); Fairbrother v. Morrison, 412 F.3d 39, 56-57 (2d Cir. 2005) (collecting cases and concluding that an "unsatisfactory" evaluation with no negative impact on compensation, benefits, or title was not an adverse employment action), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). Plaintiff's Complaint is devoid of any facts indicating that he received a material loss of benefits or that he received a decrease in wage or salary. Id.

Plaintiff also asserts that he received multiple emails from AP Patrovani, Principal McCoy-Dailey, and AP Louis-Jean about being late to his busing assignment, instructing him to stop speaking with a colleague, to sit properly in a chair, and to put away raisins he was eating. See Compl. ¶¶ 26, 27, 28, 38. But none of these reprimands constitute adverse employment actions because Plaintiff fails to plead any facts that these emails materially altered the course of his employment. See Bernstein v. NY City Dept. of Educ., No. 19-cv-11816 (LJL), 2020 U.S. Dist. LEXIS 209365, at *17 (S.D.N.Y. Nov. 9, 2020) ("[A] . . . reprimand is not considered an adverse employment action 'absent some accompanying adverse result such as demotion, diminution of wages, or other tangible loss.'"). Even if Plaintiff perceives these instructions to be unfair, receiving "unfair criticism" is not sufficient to state a claim for discrimination. See Felder, 2018 U.S. Dist. LEXIS 15098 at *18.

**B.    Plaintiff's Claim of Discrimination Fails under Title VII, SHRL, and SHRL for Failing to Demonstrate Defendants Acted with Discriminatory Animus**

Even if any of the above-mentioned aggrieved actions were considered adverse employment actions, Plaintiff has not plausibly alleged facts showing that the alleged actions were motivated by discriminatory animus. To sufficiently state a claim of discrimination, Plaintiff must plausibly allege facts to support the claim that Defendants' actions were motivated by discriminatory intent. See Batiste v. City Univ. of N.Y., No. 16-CV-3358 (VEC), 2017 U.S. Dist. LEXIS 105575, *19-22 (S.D.N.Y. 2017).  "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'"  Littlejohn v. City of N.Y., 795 F.3d 297, 312 (2d Cir. 2015) (citing Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009)). Here, the allegations do not plausibly suggest that any of the aforementioned actions would not have occurred without taking Plaintiff's race, sex, or national origin into consideration. See Moore v. City of New York, No. 15-CV-6600 (GBD) (JLC), 2017 U.S. Dist. LEXIS 379, *36 (S.D.N.Y. Jan. 3, 2017).  Even under the more liberal pleading standard for the CHRL, Plaintiff must still plausibly allege that he was subject to unequal treatment because of a protected characteristic. See Mihalik, 715 F.3d at 110.

Even assuming that Plaintiff's allegation that he was not selected for the Supervisory School Aide position could be deemed an adverse employment action, Plaintiff has not sufficiently pled that this action was due to discriminatory animus.  See Tousst v. City of New York, No. 19-Civ-1239 (AT), 2020 U.S. Dist. LEXIS 125968, *12 (S.D.N.Y. June 29, 2020) (internal citations omitted); Sommersett v. City of New York, 679 F. Supp. 2d 468, 473

(S.D.N.Y. 2010) ("[Plaintiff] does not allege, nor are there sufficient facts from which to draw an inference, that she was not promoted based upon her age or race."). Plaintiff alleges that he was not selected for the Supervisory School Aide position because of his race, national origin, and sex. See Compl. ¶ 29.  But Plaintiff fails to point to discriminatory animus by the individuals who made this decision – specifically, Principal McCoy-Dailey, AP Patrovani, and Ms. Knight. See generally, Compl. Plaintiff's own allegations state a non-discriminatory reason for which he was not selected for the Supervisory School Aide position: Plaintiff alleges Principal Dailey-McCoy told Ms. Morales and AP Louis-Jean that "because [he] did not complete the professional development course, [he] could not be promoted to the Supervising School Aide position". See Compl. ¶ 22.

Plaintiff's assertion that he is more qualified than the candidate who was selected for the Supervisory School Aide position because he has been at the school longer, see Compl., ¶ 6, is conclusory, as he has not provided any facts that set forth the qualifications or lack thereof for the individual who was selected. See Tousst, 2020 U.S. Dist. LEXIS 125968 at *13-14, *16 (a plaintiff must plead that "an allegedly significantly less well qualified" individual was offered the job position) (internal citations omitted); Blige v. City Univ. of New York, No. 15-CV-8873 (GBD) (KHP), 2017 U.S. Dist. LEXIS 8354, *27 (S.D.N.Y. Jan. 19, 2017) (internal citations omitted).  Plaintiff does not include supportive allegations as to how his alleged protected classes under Title VII, SHRL, and CHRL, including race, gender, and national origin, were motivating factors for any adverse employment action against him in the instant Complaint.  See generally Compl. It is readily apparent that Plaintiff does not set forth any specific circumstances in his Complaint from which an inference of discrimination can arise.  Littlejohn, 795 F.3d at 312.

In essence, Plaintiff's conclusory allegations of discriminatory animus amount to mere speculation. His reasoning boils down to the false syllogism: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)." See Singer v. N.Y.C. Health & Hosps. Corp., No. 18-cv-6356 (BMC), 2020 U.S. Dist. LEXIS 96752, at *18 (E.D.N.Y. June 2, 2020). Thus, Plaintiff has not established the final element of his prima facie case: he fails to plausibly allege that his discontinuance occurred under circumstances giving rise to an inference of discrimination.

Plaintiff does not include factual allegations that any of his protected classes under Title VII, SHRL, and CHRL, including race, gender, or national origin, were motivating factors for any adverse employment action against him in the instant Complaint. See generally Compl.

Since Plaintiff has not plead an inference of discrimination, the Complaint fails to state a cause of action for discrimination under the CHRL and SHRL and Title VII.

### POINT V

### THE COMPLAINT FAILS TO STATE A CLAIM OF RETALIATION UNDER TITLE VII, THE SHRL, AND THE CHRL

To state a claim for retaliation under Title VII and the SHRL, "a plaintiff must show: (1) [he] engaged in protected activity; (2) the employer was aware of the activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action."" Nnebe v. City of N.Y., 2023 U.S. Dist. LEXIS 16480, at *40 (S.D.N.Y. Jan. 30, 2023) (internal citations omitted); see also Bryan, 2022 U.S. Dist. LEXIS 89834 at *27 (applying the same Title VII retaliation standard to the

ADA).  To show causation, "'the plaintiff must plausibly allege that the retaliation was a but-for cause of the employer's adverse action.'"  Id. (citing Duplan, 888 F.3d at 625).

Under the CHRL, ""…the plaintiff need only plead and prove that something happened that would be reasonably likely to deter a person from engaging in protected activity.""  Id. (citing Zuckerman v. GW Acquisition LLC, No. 20 Civ. 8742 (VEC), 2021 U.S. Dist. LEXIS 178873, 2021 WL 4267815, at *17 (S.D.N.Y. Sept. 20, 2021)).  As for causation, a plaintiff must allege that "retaliatory animus played some role in the employer's decision." Id. at 41-42; see also Mehta v. City of N.Y., No. 1:19-cv-03857-NG-VMS, 2022 U.S. Dist. LEXIS 17280, at *24 (E.D.N.Y. Jan. 31, 2022) ("While the but-for causation standard does not apply to NYCHRL retaliation claims, a plaintiff must still allege a causal connection between the defendant's retaliation and plaintiff's actions opposing discrimination.").

## A.     Plaintiff Fails to Articulate an Adverse Employment Action

First, as discussed infra Part III, Plaintiff failed to allege an adverse employment action because Plaintiff has failed to demonstrate a material change in the terms of his employment. Plaintiff relies on the same alleged adverse actions for his discrimination claim as his retaliation claim and for the reasons set forth above, Plaintiff's retaliation claim fails.

As discussed in Part III, Plaintiff failed to allege an adverse employment action because Plaintiff failed to demonstrate any of the actions resulted in a material change in the terms of his employment. First, Plaintiff was not denied attendance of the professional development course. Plaintiff outlined he actually enrolled in the course in March 2023 and completed it. See Compl., ¶ 23. Even if Plaintiff was not able to attend a professional development course, Defendants not enrolling him in a professional development course is not

20

an adverse employment action. Not being enrolled in this supervisory school aide course did not result in a demotion, termination, or a decrease in pay.

Second, as discussed supra Part III, Plaintiff's allegation that he was not promoted to the Supervising School Aide position is not an adverse action under Title VII or SHRL because his lack of promotion did not result in a decrease in pay or any material loss of benefits. See Buon v. Spindler, 2021 U.S. Dist. LEXIS 51087, *16 (internal citation omitted); Vega v. Dep't of Educ., No. 18-CV-6221 (ER), 2020 U.S. Dist. LEXIS 55848, *24 (S.D.N.Y. Mar. 30, 2020). Additionally, being given less preferable assignments and receiving disciplinary emails are not adverse employment actions as a matter of law. For a change in work assignment to be actionable, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Felder v. Madison Square Garden, 2018 U.S. Dist. LEXIS 15098, *18 (S.D.N.Y. 2018) (internal citations omitted). A change in duties is not an adverse employment action unless there is a material alteration of plaintiff's responsibilities or some other indicia that the terms and conditions of his employment have changed. See Galabya, 202 F.3d at 640. Here, Plaintiff has failed to allege that the change in his duties resulted in a significant alteration of his salary or benefits or any other indicia showing that Plaintiff suffered a material change in the terms and conditions of his employment. Lastly, Plaintiff's allegation that he received negative feedback is also not an adverse employment action because Plaintiff has not alleged any material change in the terms or conditions of his employment connected to that feedback. See Chung v. City Univ. of N.Y., No. 12 Civ 4045 (GBD)(RLE), 2014 U.S. Dist. LEXIS 124601, *4 (2d Cir. 2014) (Noting that a negative performance evaluation, by itself, is insufficient to constitute an adverse employment action); Mabry, 769 F.Supp.2d at 393 ("Negative evaluations or reviews, without accompanying tangible harm or consequences, do not constitute materially adverse

action altering the conditions of employment."). Plaintiff's Complaint is devoid of any facts indicating that he received a material loss of benefits or that he received a decrease in wage or salary.  Id. Thus, Plaintiff fails to establish an adverse employment action.

**B.      Plaintiff Fails to Establish a Causal Connection Between the Protected Activity and the Alleged Adverse Employment Actions**

The Complaint also fails to establish a causal connection between any protected activity (or opposition to discrimination) and any adverse employment action.  In order to establish a causal connection, a plaintiff "must plausibly allege that the retaliation was a 'but for' cause of the employer's adverse action."  See Vega, 801 F.3d 72 at 90 (internal citations omitted). A causal connection may be established either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant."  Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000) (citation omitted).  Crucially, a viable retaliation claim cannot be based on an adverse employment action that occurred *prior* to the plaintiff's protected activity. See Baptiste, 2004 U.S. Dist. LEXIS 5153, at *23.

Following the 2019 amendments, retaliation claims under SHRL are construed more liberally; the standard is similar to that of CHRL. See Syeed v. Bloomberg L.P., No. 20-cv-7464 (GHW), 2022 U.S. Dist. LEXIS 147563, *14 (S.D.N.Y. Aug. 17, 2022). Under CHRL, a plaintiff must show "(1) [they] engaged in a protected activity as that term is defined under the NYCHRL, (2) [their] employer was aware that [they] participated in such activity, (3) [their] employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the

alleged retaliatory conduct." See id. (quoting Bilitch v. New York City Health & Hosps. Corp., 194 A.D.3d 999, 1004, 148 N.Y.S.3d 238, 246 (2nd Dep't 2021)). A plaintiff must show that the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action. See id. at *16 (internal citations omitted).

Here, Plaintiff fails to state a plausible retaliation claim under either standard. First Plaintiff fails to establish a causal connection through temporal proximity of engaging in a protected activity and the alleged adverse employment actions. Plaintiff claims he engaged in three protected activities: applying for the Supervising School Aide position, filing an EEOC complaint, and filing an SDHR complaint. See Compl. ¶¶ 19, 31, 32. Plaintiff alleges that after he was not selected for the Supervising School Aide position in January 2023, he "continued to endure discrimination" because his "assignments changed to less preferable assignments" and "began to receive critical disciplinary emails." See Compl., ¶¶ 23-26. Plaintiff, however, does not state how long after Ms. Stewart's appointment he was assigned to "less preferable assignments." See generally Compl. The next aggrieved action he cites allegedly occurred on March 7, 2023. See Compl., ¶ 26. This is over 3 months after Plaintiff was not selected for the Supervising School Aide position and even longer after he applied for the position. See Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85 (2d Cir. 1990) (declining to find causal nexus between alleged retaliatory letter and protected activity where letter was written three months later). Plaintiff therefore fails to establish a temporal proximity between applying for the Supervising School Aide position and any adverse employment action.

Plaintiff also fails to articulate a causal relationship between filing his EEOC and SDHR complaints and any adverse employment action. Plaintiff alleges that after he filed the EEOC complaint in July 2023 and the SDHR complaint in August 2023, he experienced

retaliatory actions, claiming: "After filing my respective complaints with these federal and state agencies, I experienced a number of retaliatory actions such as verbal reprimands, unwarranted disciplinary emails, and changes in my assignments." See Compl., ¶ 33. According to his own Complaint, Plaintiff had been receiving "critical emails" and experienced a change in assignments before he engaged in the protected activities of filing an EEOC complaint and an SDHR complaint. See Compl., ¶ 24. Plaintiff claims he experienced these same alleged adverse employment actions after applying to the Supervising School Aide position. Id. Because a viable retaliation claim cannot be based on an adverse employment action that occurred *prior* to the plaintiff's protected activity, see Baptiste, 2004 U.S. Dist. LEXIS 5153, at *23, any alleged adverse employment actions in retaliation to filing the EEOC and SDHR complaints must be dismissed as the alleged adverse employment actions occurred prior to these filings.

Second, Plaintiff fails to demonstrate a retaliatory animus for these alleged adverse employment actions. Plaintiff fails to state any sort of retaliatory animus. "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" Littlejohn v. City of N.Y., 795 F.3d 297, 312 (2d Cir. 2015) (citing Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009)). Plaintiff does not plead any instance where Defendants used any degrading terms, made invidious comments, or treated others more favorably than him. He demonstrates no animosity on the part of Defendants and therefore, Plaintiff failed to establish a causal connection between his alleged protected activities and the alleged adverse employment actions.

As such, Plaintiff's retaliation claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed in their entirety. Defendants thus respectfully request that their Motion to Dismiss be granted, that it be dismissed with prejudice, that the relief requested by Plaintiff be denied in all respects, that judgment be entered for Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
            September 24, 2024

                  **MURIEL GOODE-TRUFANT**
                  Acting Corporation Counsel of the
                   City of New York
                  *Attorney for Defendants*
                  100 Church Street, Room 2-105
                  New York, New York 10007
                  212-356-2434

           By:   *Phoebe Huth*
                  Phoebe Huth
                  *Assistant Corporation Counsel*